IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02937-GPG

VICTORIA DAWN WRIGHT,

    Applicant,

v.

RYAN LONG, and
CYNTHIA H. COFFMAN, Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Victoria Dawn Wright, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3), an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), and other motions.   The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action is deficient because the account statement attached to the motion is dated August 10, 2017, and does not show the current balance in Ms. Wright's account.   Therefore, on December 7, 2017, Magistrate Judge Gordon P. Gallagher entered an order directing Ms. Wright to cure this deficiency by submitting a current account statement.   Alternatively, Ms. Wright was advised that she may pay the $5.00 filing fee for a habeas corpus action.   Ms. Wright was warned that the action would be dismissed without further notice if she failed to cure the deficiency within the time allowed.

On December 12, 2017, Ms. Wright filed a notice of change of address (ECF No. 8) and a letter (ECF No. 10) inquiring about the status of this case.   On December 18, 2017, the copy of Magistrate Judge Gallagher's order to cure that was mailed to Ms. Wright at her prior address was returned to the Court undelivered.   (*See* ECF No. 11.)   Therefore, on January 10, 2018, Magistrate Judge Gallagher entered a Minute Order (ECF No. 14) directing the clerk of the Court to mail to Ms. Wright at her new address a copy of the December 7 order.   Magistrate Judge Gallagher also extended the time to cure the deficiency and again warned Ms. Wright that the action would be dismissed without further notice if she failed to cure the deficiency within the time allowed.

Ms. Wright has failed to cure the deficiency within the time allowed.   She has not paid the $5.00 filing fee or submitted an account statement showing the current balance in her inmate account.   Therefore, the action will be dismissed without prejudice.   The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the applications (ECF Nos. 1 & 6) are denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Wright failed to prosecute and cure the deficiency as directed.   It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) is denied as moot.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   20th   day of   February  , 2018.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court